Stephen V. Gimigliano
John Maloney
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700
Attorneys for Defendant
CSD Gulf, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOOBLES, LLC d/b/a JOOBLES TRADING, | : | Civil Action No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NOTICE OF REMOVAL |
| DIRECT CLEANERS SUPPLY, INC., CSD | : | |
| GULF, INC. d/b/a DIRECT CLEANERS | : | |
| SUPPLY, JNS INVESTMENTS, INC. d/b/a | : | |
| EAGLE POLY, NHAN TRAN, individually, | : | |
| SON HA, individually, | : | |
| | : | |
| Defendants. | : | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY:

PLEASE TAKE NOTICE that, on this date, defendant CSD Gulf, Inc. ("CSD"),

by its undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. § 1441 and 28

U.S.C. § 1446, removing this entire action from the Superior Court of New Jersey, Law

Division, Morris County to the United States District Court for the District of New Jersey. This

Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, the diversity

jurisdiction statute.

In support of this Notice of Removal, CSD states as follows:

2108208.1

## PROCEDURAL BACKGROUND

1.      On May 6, 2014, an action entitled <u>Joobles, LLC d/b/a Joobles Trading v. Direct Cleaners Supply, Inc., et al.</u>, docket no. MRS-L-1154-14, was commenced in the Superior Court of the State of New Jersey, Morris County ("the State Court Action").  A copy of the Complaint in the State Court Action (the "Complaint") was served on CSD on May 15, 2014.  A true and correct copy of the Complaint is attached hereto as Exhibit A.  <u>See</u> 28 U.S.C. § 1446(a).  No other pleadings, orders or processes have been served upon CSD.  CSD is unaware of any state court pleadings in this matter beyond the attached Complaint and the summons that accompanied it.

## PARTIES

2.      Plaintiff Joobles, LLC ("Joobles") is a limited liability company organized and existing under the laws of the State of New Jersey and has its principal place of business in Lake Hiawatha, New Jersey.  (See Complaint, Ex. A, at ¶1).

3.      Defendant Direct Cleaners Supply, Inc. ("Direct Cleaners") is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in Houston, Texas.  (See id. at ¶2).

4.      Defendant JNS Investments, Inc. ("JNS") is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in Houston, Texas.  (See id. at ¶3).

5.      CSD is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in Allen, Texas.  (See id. at ¶4).

6.      Defendant Nhan Tran is an individual residing in Houston, Texas.  (See id. at ¶5).

7.      Defendant Son Ha is an individual residing in College Station, Texas.  (See id. at ¶6).

8.      Accordingly, there is complete diversity between the Plaintiff and the Defendants in this case.

## GROUNDS FOR REMOVAL

9.      The basis for removal is 28 U.S.C. § 1441, which generally authorizes removal of actions over which the district courts of the United States would have original jurisdiction.

10.     The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute, which states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).

11.     The amount in controversy exceeds $75,000.  Joobles claims that it has "incurred injuries, losses, and damages of $140,185.47" as a result of the Defendants' alleged conduct, (Complaint, Ex. A, at ¶¶41, 51, 62, "Wherefore" clauses), and alleges causes of action for (a) breach of contract, (b) unjust enrichment, and (c) fraud.  (See id. at ¶¶31-63).  Based on these allegations, Joobles seeks compensatory damages, interest, attorneys' fees and costs, as well as any other relief as the Court deems equitable and just.  (See id. at "Wherefore" clauses).

12.     The amount in controversy thus plainly exceeds $75,000.  See 28 U.S.C. § 1332(a).

13.     All of the Defendants have consented to the removal of this action.  See 28 U.S.C. § 1446(b)(2)(A).

TIMELINESS

14.     Removal pursuant to 28 U.S.C. § 1441 is timely because removal pursuant to that provision is permissible within 30 days after receipt of a copy of the initial pleading on the defendant, which occurred on May 15, 2014.

15.     Nothing in this Notice shall constitute a waiver of CSD's right to object to service or jurisdiction.

FILING WITH STATE COURT

16.     CSD will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Morris County, where the action has been pending, and will serve the same upon all adverse parties as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant CSD Gulf, Inc. respectfully submits this Notice of Removal removing this case from the Superior Court of New Jersey, Law Division, Morris County, to this Court.

Dated:  June 13, 2013

/s/ John Maloney
Stephen V. Gimigliano
John Maloney
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Telephone:  (973) 292-1700
Facsimile:  (973) 292-1767

Attorneys for Defendant
CSD Gulf, Inc.

2108208.1

# EXHIBIT A

MICHELMAN & BRICKER
BY:   David F. Michelman, Esquire
      Mara Cohen Jackel, Esquire
811 Church Road, Suite 117-A
Cherry Hill, New Jersey 08002
Phone: (856) 661-9499
Fax:   (215) 557-9450
Email: dmichelman@michelmanbricker.com
       mjackel@michelmanbricker.com
Attorneys for Plaintiff Joobles, LLC d/b/a Joobles Trading



| | |
|---|---|
| JOOBLES, LLC D/B/A JOOBLES TRADING | : SUPERIOR COURT OF NEW JERSEY |
| | : MORRIS COUNTY: LAW DIVISION |
| Plaintiff, | : |
| | : |
| vs. | : DOCKET No.  MMRL 1154-14 |
| | : |
| DIRECT CLEANERS SUPPLY, INC.; CSD | : CIVIL ACTION |
| GULF, INC. D/B/A DIRECT CLEANERS | : |
| SUPPLY; JNS INVESTMENTS, INC. D/B/A/ | : COMPLAINT |
| EAGLE POLY; NHAN TRAN, individually; | : |
| SON HA, individually | : |
| | : |
| Defendants | : |

Plaintiff Joobles, LLC d/b/a Joobles Trading ("Joobles"), by its undersigned counsel, brings this action against Defendants Direct Cleaners Supply, Inc., CSD Gulf, Inc. d/b/a Direct Cleaners Supply, JNS Investments, Inc. d/b/a Eagle Poly, Nhan Tran, individually, and Son Ha, individually, and in support thereof avers as follows:

## PARTIES

1.     Plaintiff Joobles, LLC ("Joobles") is a limited liability company incorporated within the State of New Jersey, with a registered address at 144 Beverwyck Road, Lake Hiawatha, NJ 07034.

2.     Defendant Direct Cleaners Supply, Inc. ("Direct Cleaners") is a Texas corporation, with a principal place of business located at 4023 Westhollow Parkway, #109,

4

Houston, TX 77082, and registered address at 5444 Westheimer Road, Suite 1550, Houston, TX 77056.

3.      Defendant JNS Investments, Inc. d/b/a Eagle Poly ("JNS") is a Texas corporation, with a principal place of business located at 4023 Westhollow Parkway, #109, Houston, TX 77082, and a registered address at 5710 Ransom Street, Houston, TX 77087, and is a legal assignee of Direct Cleaners.

4.      Defendant CSD Gulf, Inc. d/b/a Direct Cleaners Supply ("CSD") is a Texas corporation whose principal place of business is located at 4023 Westhollow Parkway, #109, Houston, TX 77082, and a registered address at 1406 Suncreek Drive, Allen, TX 75013), and is a legal successor of Direct Cleaners.

5.      Nhan Tran is an individual who resides at 9850 Pagewood Lane, Apt. 1204, Houston, TX 77042, and during the relevant time period was a registered agent, shareholder, president, and director of Direct Cleaners and is a shareholder and director of JNS.

6.      Son Ha is an individual who resides at 1214 Mullins Court, College Station, Texas 77845, and during the relevant time period was a registered agent, shareholder, and director of JNS and, upon information and belief, was a shareholder, secretary, and director of Direct Cleaners.

## JURISDICTION

7.      The Superior Court - Law Division, Morris County has subject matter jurisdiction over this case under N.J. Constitution, Art. VI, § 3, P 2.

8.      Plaintiff is a New Jersey Corporation.

-2-

5

9.      Defendants do business in New Jersey.  Defendants have had sufficient contacts with and in the State of New Jersey such that requiring Defendants to defend the case in New Jersey does not offend traditional notions of fairness and substantial justice.

## VENUE

10.      Based upon N. J. R. Civ. P.  4:3-1 and 4:3-2 venue is proper in the Superior Court-Law Division, Morris because Plaintiff resides in Morris, New Jersey, the oral contract at issue arose in Morris County, and a substantial portion of the contract was performed in Morris County.

## FACTS

11.      In or about August of 2011, Tran and Ha, on behalf of Direct Cleaners, contacted Joobles, through its principal Oanh Thai, at Joobles' office in Morris County, New Jersey, and discussed entering into a customer relationship with Joobles, whereby Joobles would arrange for importing and delivery of dry cleaning products ("Products") to Direct Cleaners, and Direct Cleaners would order and purchase such Products from Joobles so that it could then act as a distributor of such products.

12.      Mr. Tran, Mr. Ha, and Ms. Thai discussed the terms of an agreement, and agreed that Joobles would arrange for import, transportation and delivery of Products to Direct Cleaners, and that Direct Cleaners would purchase and pay for the Products, at agreed upon rates (the "Contract").

13.      For several months, Joobles and Direct Cleaners performed as required by the Agreement.  Joobles sold and delivered its Products to Direct Cleaners and then Direct Cleaners paid for and bought Joobles' Products.

14.      Joobles filled the orders by telephone in or around its office in Morris County,

New Jersey, where Ms. Thai ordered the Products from a third-party, and arranged for transportation and delivery of the Products to Direct Cleaners' facility.

15.     Direct Cleaners ceased making payments for products in December 2012, and currently has an outstanding balance of $140,185.47.

16.     On or before January 3, 2013 Direct Cleaners told Joobles it was intending to sell its assets to CSD.

17.     On or about January 3, 2013, JNS's director, Son Ha, expressly agreed to have JNS take over Direct Cleaners' outstanding balance.

18.     Pursuant to this agreement, Joobles re-issued the invoices to JNS and JNS accepted this assignment through Ha.

19.     On February 7, 2013, Direct Cleaners sold and CSD purchased Direct Cleaners' assets, including customer lists, business goodwill, its trade name, inventory and accounts receivable through a purchase and sale agreement.

20.     On information and belief, CSD has substantially continued Direct Cleaners' business since purchasing the business assets on February 7, 2013 based on the following facts:

     a.    CSD has retained the same employees and supervisory personnel as Direct Cleaners.

     b.    CSD has retained the same production facilities, lease and location of Direct Cleaners at 4023 Westhollow Drive, and the same P.O. Box for payments in Alief, Texas.

     c.    CSD is producing and selling the same products that Direct Cleaners produced and sold.

     d.    CSD has retained the name Direct Cleaners Supply as a d/b/a.

-4-

  e.  CSD uses Direct Cleaners' assets in its business.

  f.  CSD has continued Direct Cleaners' general business operations by having shipments sent to the same locations and by maintaining relationships with the same vendors as Direct Cleaners.

  g.  CSD has held itself out as a continuation of Direct Cleaners by operating under the same Federal Employee Identification Number/Tax identification number and by using the name Direct Cleaners on purchase orders, invoices and checks.

21.  Because CSD has substantially continued Direct Cleaners' business, it is a legal successor to Direct Cleaners and is responsible for the liability of Direct Cleaners.

22.  As the agents, directors and shareholders of Direct Cleaners and JNS, Tran and Ha were responsible for overall management and control over Direct Cleaners and JNS, and its business and financial affairs.

23.  On information and belief, Tran and Ha have so dominated and controlled the activities of Direct Cleaners and JNS and acted as the companies alter egos by organizing, structuring, and managing the corporations so as to make each of them merely instrumentalities of Tran and Ha, and allowing and permitting their affairs to be conducted in such a manner that each corporation was a sham.

24.  On information and belief, Direct Cleaners and JNS were grossly undercapitalized at the time that they entered into a contract with Joobles and they remain so today. Direct Cleaners' and JNS's lack of available assets to reimburse Joobles for its losses, and its failure to cover such losses indicate that Tran and Ha have operated Direct Cleaners and JNS with inadequate capitalization.

25.     On information and belief, Tran and Ha have disregarded Direct Cleaners' and JNS's corporate formalities, the corporations did not pay dividends; and the corporations were merely a façade for the operations of the controlling stockholders and directors, Tran and Ha.

26.     On information and belief, Tran and Ha have used Direct Cleaners and JNS as their personal piggybanks and have co-mingled their own personal funds with those of Direct Cleaners and JNS.

27.     On information and belief, Tran and Ha have fraudulently moved the assets of Direct Cleaners and JNS to related companies in order to conceal them from Joobles and to avoid making full payment to Joobles.  In this instance, Tran's and Ha's actions or inactions allowed the corporate form to be used for illegitimate purposes, to perpetrate fraud or injustice.

28.     Tran and Ha have abused the corporate form of Direct Cleaners and JNS for their personal benefit to commit fraud and injustice.

29.     Joobles has demanded payment of $140,185.47 from Direct Cleaners, JNS, and CSD.

30.     Direct Cleaners, JNS, and CSD have failed to and refused to make any payments to Joobles and this balance remains outstanding.

**COUNT ONE**
Breach of Contract
**Plaintiff v. Direct Cleaners, JNS, CSD, Tran and Ha**

31.     The prior paragraphs of this Complaint are incorporated herein by reference as though set forth in full.

32.     In or about August of 2011, Tran and Ha, on behalf of Direct Cleaners, contacted Joobles, through Ms. Thai, and discussed entering into a customer relationship with Joobles so that Direct Cleaners could sell dry cleaning products and agreed that Direct Cleaners would order

-6-

and purchase Products from Joobles at an agreed upon rate. Joobles accepted and agreed to this arrangement. This agreement (the "Contract") constitutes a binding and enforceable contract between the parties.

33.     By the terms of the Contract, Joobles agreed to and was obligated to sell its Products to Direct Cleaners, and Direct Cleaners agreed and was obligated to buy its Products from Joobles.

34.     For several months, Joobles and Direct Cleaners performed as required by the Agreement. Joobles sold and delivered its Products to Direct Cleaners and then Direct Cleaners paid for and bought Joobles' Products.

35.     Joobles filled the orders by telephone in or around its office in Morris County, New Jersey, where Ms. Thai ordered the Products from a third-party, and arranged for transportation and delivery of the Products to Direct Cleaners' facility.

36.     Direct Cleaners ceased making payments for products in December 2012, and currently has an outstanding balance of $140,185.47.

37.     Joobles has fully performed all of its obligations under the Contract. Direct Cleaners' failure and refusal to pay its outstanding balance constitutes a material breach of that Contract.

38.     On or about January 3, 2013, JNS accepted the assignment of Direct Cleaners' debt to Joobles and remains responsible for this balance today.

39.     CSD has continued Direct Cleaners' business as a successor, and is therefore legally responsible for the liabilities owed from Direct Cleaners to Joobles.

40.     Despite Joobles' demands for full payment from Direct Cleaners, CSD and JNS, Direct Cleaners, JNS and CSD have failed and refused to pay Joobles the outstanding balance of $140,185.47.

41.     As a direct and proximate result of Direct Cleaners' breach, Joobles has incurred injuries, losses, and damages of $140,185.47 for the unpaid debt, plus interest and court costs and attorney's fees.

42.     Joobles has been injured by the actions and inactions of Direct Cleaners and JNS. Tran and Ha should be held liable as the alter egos of Direct Cleaners and JNS, for Direct Cleaners' and JNS's obligations under the Contract, and for their breach of that Contract. Tran and Ha, acting as a single entity with Direct Cleaners, arranged to receive, and did receive Joobles' Products and were obligated to pay for them, but failed to do so. It would defeat the ends of justice, and allow Direct Cleaners and JNS to perpetrate a fraud and accomplish a crime or otherwise evade the law if the Court did not hold Tran and Ha liable as well, as an alter egos of Direct Cleaners and JNS, for Direct Cleaners' and JNS's breach of contract.

**WHEREFORE,** Plaintiff Joobles, LLC d/b/a Joobles Trading respectfully requests that this Court enter a judgment in its favor against Defendants Direct Cleaners Supply, Inc., CSD d/b/a Direct Cleaners Supply, JNS Investments, Inc. d/b/a Eagle Poly, Nhan Tran, and Son Ha, and award it compensatory damages including the outstanding debt of 140,185.47, interest, attorneys' fees and costs, and such other relief as the Court deems equitable and just.

**COUNT TWO**
**Unjust Enrichment**
**Plaintiff v. Direct Cleaners, JNS, CSD, Tran and Ha**

43.     The prior paragraphs of this Complaint are incorporated herein by reference as though set forth in full.

44.     Joobles conferred a benefit upon Direct Cleaners by providing it with Products which Direct Cleaners received and used in the course of business.

45.     The Products sold and provided to Direct Cleaners were of a type which Direct Cleaners knew and should have known that Joobles reasonably expected to be compensated and receive full payment for.

46.     The reasonable value of the Products delivered by Joobles to and received by Direct Cleaners was 140,185.47.

47.     Because Joobles delivered Products to Direct Cleaners, which Direct Cleaners has used and failed to pay for, Direct Cleaners has received a benefit for which it would be unconscionable to permit Direct Cleaners to fail to pay Joobles.

48.     Direct Cleaners would be unjustly enriched by not requiring Direct Cleaners to pay Joobles 140,185.47 for the reasonable value of the Products delivered to and received by Direct Cleaners.

49.     JNS has expressly agreed to the assignment of Direct Cleaners' liability to Joobles and is therefore responsible for Direct Cleaners' unjust enrichment as an assignee.

50.     CSD has continued the business of Direct Cleaners and is therefore a legal successor to Direct Cleaners and its liabilities, including the debt owed by Direct Cleaners to Joobles.

51.     Despite Joobles' demands for payment, Direct Cleaners, CSD and JNS have failed and refused to pay Joobles for its Products and to return its equipment, and Joobles has incurred injuries, losses, and damages of 140,185.47 for the reasonable value of its Products, plus interest.

1 2.

52.     Joobles has been injured by the actions and inactions of Direct Cleaners and JNS. Tran and Ha should be held liable as the alter egos of Direct Cleaners and JNS.  Tran and Ha, acting as a single entity with Direct Cleaners, arranged to receive, and did receive Joobles' Products and were obligated to pay for them, but failed to do so.  It would defeat the ends of justice, and allow Direct Cleaners and JNS to perpetrate a fraud and accomplish a crime or otherwise evade the law if the Court did not hold Tran and Ha liable as well, as an alter egos of Direct Cleaners and JNS, for Direct Cleaners' and JNS's unjust enrichment.

WHEREFORE, Plaintiff Joobles, LLC d/b/a Joobles Trading respectfully requests that this Court enter a judgment in its favor against Defendants Direct Cleaners Supply, Inc., CSD d/b/a Direct Cleaners Supply, JNS Investments, Inc. d/b/a Eagle Poly, Nhan Tran, and Son Ha, and award it compensatory damages including the outstanding debt of 140,185.47, interest, attorneys' fees and costs, and such other relief as the Court deems equitable and just.

**COUNT THREE**
Fraud
**Plaintiff v. Direct Cleaners, JNS, Tran and Ha**

53.     The prior paragraphs of this Complaint are incorporated herein by reference as though set forth in full.

54.     Direct Cleaners, in an effort to induce Joobles to sell and deliver Products to it, made verbal and written misrepresentations regarding its intent to pay for such Products.

55.     Direct Cleaners knew when it ordered and/or accepted Products from Joobles that it did not intend to make full payments for such Products, but failed to disclose this intent to Joobles.

-10-

13

56.   Around the time that Direct Cleaners sold its assets to CSD, Direct Cleaners and JNS together misrepresented to Joobles that Direct Cleaners would assign and JNS would accept, Direct Cleaners' outstanding liability to Joobles.

57.   Direct Cleaners and JNS never intended to repay Joobles for the amounts owed.

58.   Direct Cleaners and JNS have moved around the assets of Direct Cleaners and JNS among related companies in order to conceal such assets and to avoid making payment to Joobles.

59.   The above withholding of information was material to Joobles' decision to sell and deliver Products to Direct Cleaners.

60.   Joobles relied on Direct Cleaners' and JNS's representations regarding payment to its detriment.

61.   As principals, directs and agents of Direct Cleaners and JNS, Tran and Ha either directly participated in the acts of misrepresentation and concealment or were aware that they were occurring and had the ability to cause them to cease and/or provide full and accurate information to Joobles.

62.   As a proximate result of the misrepresentations and the concealment of information set forth above, and Joobles' reliance thereon, Joobles has sustained damages in the amount of $140,185.47.

63.   Joobles has been injured by the actions and inactions of Direct Cleaners and JNS. Tran and Ha should be held liable as the alter egos of Direct Cleaners and JNS. Tran and Ha, acting as a single entity with Direct Cleaners, arranged to receive, and did receive Joobles' Products and were obligated to pay for them, but failed to do so. It would defeat the ends of justice, and allow Direct Cleaners and JNS to perpetrate a fraud and accomplish a crime or

otherwise evade the law if the Court did not hold Tran and Ha liable, as well as alter egos of Direct Cleaners and JNS, for Direct Cleaners' and JNS's fraud.

**WHEREFORE**, Plaintiff Joobles, LLC d/b/a Joobles Trading respectfully requests that this Court enter a judgment in its favor against Defendants Direct Cleaners Supply, Inc., JNS Investments, Inc. d/b/a Eagle Poly, Nhan Tran, and Son Ha, and award it compensatory damages including the outstanding debt of $140,185.47, interest, attorneys' fees and costs, and such other relief as the Court deems equitable and just.

Respectfully submitted,

MICHELMAN & BRICKER

By: _____

David F. Michelman, Esquire
Mara Cohen Jackel, Esquire
Attorneys for Plaintiff

Date: May 2, 2014

## RULE 4:5-1 CERTIFICATION

Plaintiff, by its attorneys, hereby certifies that the matter in controversy is not the subject of any other pending or contemplated judicial or arbitration proceeding. Plaintiff is not currently aware of any other party who should be joined to this action.

MICHELMAN & BRICKER

By: _____

David F. Michelman, Esquire
Mara Cohen Jackel, Esquire
Attorneys for Plaintiff

Date: May 2, 2014

-12-

15

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 25-4, Plaintiff designates David F. Michelman, Esq., as trial counsel in this

matter.

MICHELMAN & BRICKER

David F. Michelman, Esquire
Attorney for Plaintiff

Date: May 2, 2014

-13-

SUMMONS

| | |
|---|---|
| Attorney(s)   David F. Michelman, Esq. | **Superior Court of** |
| Office Address Michelman & Bricker | **New Jersey** |
| Town, State, Zip Code 811 Church Road, Suite 117-A | |
| Cherry Hill, NJ 08002 | MORRIS          COUNTY |
| Telephone Number (856) 661-9499 | LAW          DIVISION |
| Attorney(s) for Plaintiff Joobles, LLC d/b/a Joobles Trading | Docket No: MRS-L-001154-14 |

JOOBLES, LLC D/B/A JOOBLES TRADING

Plaintiff(s)

Vs.                                                        **CIVIL ACTION**
**SUMMONS**
DIRECT CLEANERS SUPPLY, INC., ET AL.

Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/S/Michelle M. Smith, Esq.

Clerk of the Superior Court

DATED:   5-12-14

Name of Defendant to Be Served:   CSD Gulf, Inc. d/b/a Direct Cleaners Supply

Address of Defendant to Be Served:   1406 Suncreek Drive, Allen, TX 75013

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

Gean O. Smith, Civil Process Service
Rec'd Date 5-15-14   Rec'd Time 4:00 Pm
Service To
Date 5-15-14   Time 8:05 Pm
Gean O. Smith   SCH-004683
Sig.

```
MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN       NJ 07960                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 656-4100
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:   MAY 07, 2014
                          RE:     JOOGLES LLC VS DIRECT CLEANERS SUPPLY INC
                          DOCKET: MRS L -001154 14

      THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

      DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON ROBERT J. BRENNAN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (973) 656-4100.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                          ATTENTION:
                                     ATT: DAVID F. MICHELMAN
                                     MICHELMAN & BRICKER
                                     811 CHURCH RD
                                     SUITE 117A
                                     CHERRY HILL,    NJ 08002
JUXPHIO
```

Appendix XII-B1

| | | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|---|
| CIVIL CASE INFORMATION STATEMENT (CIS) | | | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| | | | CHG/CK NO. |
| Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | | | AMOUNT: |
| | | | OVERPAYMENT: |
| | | | BATCH NUMBER: |

| 1. ATTORNEY / PRO SE NAME | 2. TELEPHONE NUMBER | 3. COUNTY OF VENUE |
|---|---|---|
| David F. Michelman, Esq. | (856) 661-9499 | Morris |

| 4. FIRM NAME (if applicable) | 5. DOCKET NUMBER (when available) |
|---|---|
| Michelman & Bricker | MRSL 1154-14 |

| 6. OFFICE ADDRESS | 7. DOCUMENT TYPE |
|---|---|
| 811 Church Road, Suite 117-A, Cherry Hill, NJ 08002 | Complaint |
| | 8. JURY DEMAND  ☐ YES  ☒ NO |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) | 10. CAPTION |
|---|---|
| JOOBLES, LLC D/B/A JOOBLES TRADING, PLAINTIFF | JOOBLES, LLC D/B/A JOOBLES TRADING vs. DIRECT CLEANERS SUPPLY, INC., ET AL |

| 11. CASE TYPE NUMBER (See reverse side for listing) | 12. HURRICANE SANDY RELATED? | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO |
|---|---|---|
| 599 | ☐ YES  ☒ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| 14. RELATED CASES PENDING? | 15. IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ YES  ☒ No | |

| 16. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ YES  ☒ No | ☐ NONE  ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ☒ YES  ☐ No | ☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) ☐ FAMILIAL  ☐ BUSINESS |

19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☒ No

20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ YES  ☒ No | |

| 22. WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
|---|---|
| ☐ YES  ☒ No | |

23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

24. ATTORNEY SIGNATURE:

CN 10517_ps - English, Effective 08-19-2013

Page 4 of 5