UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| JOOBLES, LLC d/b/a/ JOOBLES TRADING,<br><br>              Plaintiff,<br>v.<br><br>DIRECT CLEANERS SUPPLY, INC.; CSD GULF, INC. D/B/A/ DIRECT CLEANERS SUPPLY; JNS INVESTMENTS, INC. D/B/A EAGLE POLY; NHAM TRAN, individually; SON HA, individually,<br><br>              Defendants. | Civil Action No.<br><br>2:14-cv-3792-SDW-SCM<br><br>**ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION [D.E. 19] AND ON THE JULY 9, 2014 ENTRY OF DEFAULT** |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

I. **INTRODUCTION**

    This matter comes before the Court upon defendant Son Ha's motion to dismiss for lack of jurisdiction. (Docket Entry ("D.E.") 19). Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, United States District Judge, has referred this motion to the undersigned for a report and recommendation. There was no oral argument. Upon consideration of the parties' submissions and for the reasons stated below, it is respectfully recommended that Defendant's motion to dismiss be **denied.**

1

II.   **BACKGROUND AND PROCEDURAL HISTORY**

The factual background of this case, as well as the pertinent legal standards, are discussed in the February 18, 2015 Report and Recommendation to defendant CSD's motion to dismiss for lack of personal jurisdiction, and need not be reiterated here. See (D.E. 32). Procedurally, the Court notes that on July 7, 2014, Plaintiff requested default against defendant Ha, which the Court entered on July 9, 2014. (D.E. 8). Thereafter, on August 1, 2014, Ha filed the present motion. (D.E. 19).  On August 19, 2104, Plaintiff opposed Ha's motion. (D.E. 23).

II.   **DISCUSSION**

  A.   Entry of Default

As a preliminary matter and upon further review of the docket, the entry of default as to defendant Ha is hereby vacated *sua sponte*.  An application for entry of default judgment must contain evidence, by affidavit and documents, of: (1) the entry of a default pursuant to Federal Rule of Civil Procedure 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor incompetent; (4) that the defendant has been validly served with all pleadings; (5) the amount of the judgment and how it was calculated; and (6) an affidavit of non-military service in

2

compliance with the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501, et seq., 521 ("SCRA"). See Fed. R. Civ. P. 55(b), 54(b); L. Civ. R. 7.1, 58.1.

Pursuant to the SCRA, Section 521 requires a plaintiff to file an affidavit in connection with its application for default:

> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. App. § 521.[1]

Based on the applicable rules and statutes, the default was entered in error. On July 7, 2014, Plaintiff made an application for default against Ha, which the court entered on July 9, 2014. (D.E. 8). However, Plaintiff's application failed to include the required declaration of diligence in determining Ha's military or non-military status. In fact, Plaintiff's affidavit does not address the issue at all. See (D.E. 8-1). In light of the foregoing, Ha's default is vacated and the Court will address Ha's motion to dismiss for lack of personal jurisdiction on the merits.

---

[1] One government resource to verify Title 10 active duty status is located at https://www.dmdc.osd.mil/appj/scra/

B.   Motion to dismiss for lack of personal jurisdiction

Defendant Ha asserts Plaintiff's complaint against him should be dismissed because he never purposefully directed any activities to New Jersey.  (D.E. 19, Ha's Br. at 7).  Ha also argues Plaintiff has failed to present evidence that he has or had sufficient contacts with New Jersey.  *Id.* at 9-11.  Lastly, Ha argues Plaintiff failed to demonstrate this cause of action arose from any forum related contacts by JNS or Son Ha.  *Id.* at 11-12.

Plaintiff opposes Ha's motion and asserts Ha visited and contacted Joobles in New Jersey to discuss his business relationship with Direct Cleaners Supply, Inc. ("Direct") and then with JNS, thus permitting this Court to exercise specific jurisdiction over him.  (Pl. Opp'n. Br. at 12-15).  Plaintiff also asserts Ha has systematic and continuous business contacts with other businesses in the State of New Jersey, and therefore the State can exercise general jurisdiction over him.  Id. at 15-18.

The Court finds Plaintiff has met its burden of establishing that jurisdiction may be properly exercised over Ha.  See *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)(stating that once jurisdiction is challenged, a plaintiff bears the burden of establishing jurisdiction is proper and must provide facts based upon competent evidence,

4

such as affidavits, to prove jurisdiction). In support of its opposition, Plaintiff provided an affidavit from Oahn Thai, Plaintiff's sole manager and owner. (D.E. 23-1, Thai's Aff. at ¶ 1). Thai stated Ha has visited New Jersey multiple times between 2009 and 2013 for business purposes. *Id.* Specifically, Thai stated he picked Ha up from the airport, drove and accompanied Ha to business meeting and lunches, and witnessed Ha soliciting business at dry cleaning trade shows. *Id.* at ¶¶ 8a-8f. Thai further stated Ha visited New Jersey to attend the funeral of a business associate. *Id.* at ¶ 8e. Lastly, Thai stated Ha contacted him to discuss and establish a business relationship between Joobles and Direct, and "spoke with and/or texted with Son Ha almost daily about Direct Cleaners" from late 2011 through the beginning of 2012. *Id.* at ¶¶ 19, 24.

While this evidence may be insufficient to establish general jurisdiction, the Court finds Ha purposefully availed himself of the privilege of conducting activities within New Jersey, which certainly establishes specific jurisdiction for purposes of this motion. See *Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (holding that exercising general jurisdiction over a foreign defendant based on "substantial, continuous, and systematic course of business" is "unacceptably grasping" and specific jurisdiction has become the centerpiece

5

of modern jurisdiction theory, while general jurisdiction [has played] a reduced role'").

Specific jurisdiction exists in this breach of contract claim because Plaintiff demonstrates Ha purposefully directed his activities at New Jersey when he solicited business for his dry cleaning business. See *Western Union Telegraph v. T.S.I., Ltd.*, 545 F. Supp. 329, 332 (D.N.J. 1982)(finding in breach of contract suit, exercise of jurisdiction over nonresident corporation that visited New Jersey to negotiate purchase of communications satellite and communicated by mail and telephone, was fair and reasonable). Plaintiff also demonstrates jurisdiction is appropriate because this litigation relates to the contract between Plaintiff and Direct, which Thai states commenced after Ha solicited the business relationship with Plaintiff. See *Alchemie Intern. Inc. v. Metal World, Inc.*, 523 F. Supp. 1039 (D.N.J. 1981) (finding in breach of contract suit, jurisdiction over nonresident defendant was properly exercised where there was significant mail and telephone contacts with resident seller after defendant solicited contract, even though defendant did not visit the forum); see also *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)("In contract cases, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach."). Lastly, giving the evidence of Ha's frequent

6

trips to New Jersey, and frequent communication with Thai, there is no evidence that the exercise over Ha does not comports with traditional notions of fair play.

In sum, the Court *sua sponte* reverses the entry of default as to Ha.  Further, Plaintiff has alleged facts that establish personal jurisdiction over Ha.  Ha purposefully directed his activities at New Jersey, Plaintiff's claims arose from those related activities, and no other factors render jurisdiction in New Jersey unfair or unreasonable.

IV. **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Ha's motion to dismiss for lack of personal jurisdiction be denied.  The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

It is further ordered that the July 9, 2014 entry of default against Ha is vacated.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/10/2015 12:24:30 PM